I must respectfully dissent from the Court's interpretation of the term "date certain."
I believe that the reliance on Rule 11(a)(2) and (c), Ala.R.App.P., is misplaced. Contrary to the provisions of that rule, there is no order appearing in the court file that provided a due date for the completion of the trial transcript. I also question whether Rule 11(a)(2), Ala.R.App.P., is applicable to this case at all. That rule provides: "The court reporter shall prepare and file the designated reporter's transcript with the clerk of the trial court within 56 days (8 weeks) from the date of the notice of appeal, unless the time is shortened or extended by an order entered pursuant to subdivision (c) of this rule." In this case, there had been no notice of appeal filed at the time the motion for new trial was continued to "a date 14 days after the completion and delivery of the trial transcript." The record does not show that the trial court entered an order either shortening or extending the time for preparing the transcript.
In addition, it appears that the hearing on the motion for new trial was actually held before the completion and delivery of the trial transcript. The record indicates the following chronology of events:
 July 1, 1998: Howlet's motion for new trial set for hearing on August 7, 1998.
July 30, 1998: Time for ruling enlarged to 30 days.
 August 7, 1998: Hearing continued to 14 days after completion of transcript.
 December 3, 1998: Motion for new trial set for January 5, 1999; Howlet files written notice of appeal.
January 5, 1999: Hearing on motion for new trial.
January 25, 1999: Motion for new trial denied.
March 23, 1999: Trial transcript completed. *Page 34 
Considering the actual events in this case, it is clear that no one ever knew when the trial transcript would be completed and that a reference to Rule 11(a)(2) and (c) would do nothing to "make it certain."
While it is important to consider the reasoning behind the adoption of a rule, it is also necessary to look at the language of the rule. A holding that the term "date certain" encompasses "a date 14 days after the completion and delivery of the trial transcript" completely changes the meaning and application of the term "date certain."
See, J., concurs.